**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION**

| | | |
|---|---|---|
| **ROBERT BRADLEY SCOTT,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:19-cv-00570 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **MARCUS MCCLUNG,** *et al.*, | ) | By: Norman K. Moon |
| Defendants. | ) | Senior United States District Judge |

Plaintiff Robert Bradley Scott, a Virginia inmate proceeding *pro se*, filed this civil rights lawsuit, naming a number of individuals and entities who were involved in criminal proceedings that led to his conviction. He alleges that these defendants colluded against him and used fear tactics and threats to obtain his guilty plea. He insists, though, that he is innocent. Near the end of the complaint, he appears to be asking for the dismissal of his criminal charges and "relief for only being locked up falsely." (Compl. 34, Dkt. No. 1.) He also seeks damages of $5.4 million. Exactly what types of claims he is bringing are unclear. His complaint primarily recites the facts underlying his criminal conviction and describes the alleged injustices that occurred throughout his criminal proceedings and each defendant's role in them.

To the extent plaintiff is seeking to have his conviction overturned or otherwise vacated, he should seek that relief in a petition pursuant to 28 U.S.C. § 2254, after first presenting his claims in state court. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973) (holding that challenges to the validity of a state inmate's confinement should be raised in a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, not in a § 1983 action); *Baker v. Corcoran*, 220 F.3d 276, 288 (4th Cir. 2000) (explaining that federal court cannot grant habeas to a petitioner in state custody unless he "has first exhausted his state remedies by presenting his claims to the highest state court"). Moreover, because the granting of money damages on nearly all of his claims would "necessarily imply the invalidity of his conviction or sentence," plaintiff "must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order,

declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

Scott's complaint does not indicate that his conviction has in any way been determined to be invalid in any forum. Absent that showing, as required by *Heck*, he is barred from bringing in a § 1983 action nearly all of the claims he has asserted. *See id.*

There are two claims that might possibly be able to proceed without necessarily implying the invalidity of his conviction, but neither of those, in their current form, can proceed. The first claim is part of Scott's claim against the Southwest Virginia Regional Jail Authority ("SWVRJA"). (Dkt. No. 1 at 26–27.) Most of this claim also relates to his criminal conviction, *e.g.*, an allegation that he was held against his will, that they used "torture" to collude with other defendants in forcing Scott to plead guilty. But he also contends that he was denied proper access to a law library, denied the ability to properly stay in touch with his attorney, and he makes a general reference to a "lack of nutrition and proper sunlight," causing him health and mental problems. It does not provide details as to when these alleged deprivations occurred, not does it name any individual who took any specific action against him.

As set forth against SWRJA, this claim also fails to state a claim. "Local governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cnty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Although a *pro*

*se* complaint is held to "less stringent standards than formal pleadings drafted by lawyers," *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), a complaint must still "contain sufficient factual matter, accepted as true, to 'state a claim of relief that is plausible on its face,'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In this case, Scott does not allege that any official policy or custom of SWRJA was responsible for the violations or injuries he allegedly suffered, and, therefore, he has failed to state a claim against that entity.

The second claim that is potentially not barred by *Heck* is Scott's claim for slander brought against the Kingsport Times newspaper. (Dkt. No. 1 at 26). Because the Kingsport Times is not a state actor and was not acting under color of state law in publishing stories about Scott, however, it cannot be sued under § 1983. *Philips v. Pitt Cnty. Mem. Hosp.*, 572 F.3d 176, 180–81 (4th Cir. 2009). To the extent that the complaint adequately states a claim under Virginia law, the court declines to exercise supplemental jurisdiction over that state-law claim and it will be dismissed without prejudice. 28 U.S.C. § 1367(c)(3).

For these reasons, I will dismiss Scott's complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1). Nothing in this opinion precludes Scott from refiling, in a new and separate civil action, the portion of his claim against the SWRJA that is not barred by *Heck*, if he can correct the deficiencies described in this opinion, and assuming he has exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e.

An appropriate order will be entered.

**ENTER**: This 28th day of January, 2020.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE